IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3267-FL

| | |
|---|---|
| CHARLES ANTONIO MEANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| BOBBY HIGDON, JOSH STEIN, | ) |
| STANLEY L. ALLEN, ERIK A. | ) |
| HOOKS, TODD ISHEE, MICHELLE | ) |
| MILLS, J. YODER, H. REEP, JASON | ) |
| T. WALLER, BRIAN R. KNOTT, | ) |
| CITY OF SMITHFIELD | ) |
| GOVERNMENT OFFICE, COUNTY | ) |
| OF JOHNSTON GOVERNMENT | ) |
| OFFICE, CITY OF RALEIGH | ) |
| GOVERNMENT OFFICE, and | ) |
| COUNTY OF WAKE GOVERNMENT | ) |
| OFFICE, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint asserting claims for violations of his civil rights under 42 U.S.C. § 1983. The matter is before the court for initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Also before the court are plaintiff's motions to admit evidence (DE 9, 10), and to amend (DE 11), as well as a brief in support (DE 14), which the court construes as a motion to amend.

**COURT'S DISCUSSION**

A.  Motions to Amend (DE 11, 14)

The court first addresses plaintiff's motions to amend. Plaintiff's motions to amend are granted as a matter of course. See Fed. R. Civ. P. 15(a)(1). Accordingly, in conducting the

initial review of the complaint below, the court has reviewed and considered the claims in the original and amended complaints.

B.  Motions to Admit Evidence (DE 9, 10)

Plaintiff seeks to have various documents admitted related to grievances submitted to prison officials and his state criminal conviction. (See Attachment (DE 9-1) at 1–2; Attachment (DE 10-1) at 1–25). The appropriate time for plaintiff to submit evidence in support of his action is in support or defense of a properly filed motion for summary judgment. Accordingly, plaintiff's motions to admit evidence is DENIED at this time.

C.  Initial Review

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations

2

omitted).

Plaintiff alleges defendants violated his First, Fifth, Sixth, and Fourteenth Amendment rights. (Compl. (DE 1) at 8). Plaintiff also alleges state law claims pursuant to North Carolina General Statutes §§ 7A-245(a)(2) and 148-33.1, as well as pursuant to the North Carolina Department of Public Safety Procedural Manual. (Id.). Plaintiff names the following defendants: Bobby Higdon ("Higdon"), the United States Attorney for the Eastern District of North Carolina; Josh Stein ("Stein"), North Carolina Attorney General; Stanley L. Allen ("Allen"), a North Carolina superior state court judge; Erik A. Hooks ("Hooks"), North Carolina Secretary of Prisons; Todd Ishee ("Ishee"), North Carolina Director of Prisons; Michelle Mills ("Mills"), Caldwell Correctional Institution ("Caldwell CI") Assistant Superintendent; J. Yoder ("Yoder"), a Caldwell CI programmer; H. Reep ("Reep"), Caldwell CI Warden; Jason T. Waller ("Waller"), a Johnston County prosecutor; Brian R. Knott ("Knott"), a Johnston County court-appointed defense attorney; City of Smithfield Government Office; County of Johnston Government Office; City of Raleigh Government Office; County of Wake Government Office; Timothy Maynor ("Maynor"), Catawba Correctional Institution ("Catawba CI") Assistant Warden; Benjamin Edwards ("Edwards"), Catawba CI Program Director; and Janine Holland ("Holland"), Catawba CI Program Supervisor. (Compl. (DE 1) at 3-7; Mot. to Am. (DE 11) at 2–3). Plaintiff brings claims against defendants in both their individual and official capacities. (Compl. (DE 1) at 3-7; Mot. to Am. (DE 11) at 2–3). As relief, plaintiff seeks: 1) an order that prison officials grant plaintiff immediate work release; 2) transfer to either Wake Correctional Institution or Johnston Correctional Institution; and 3) compensatory and punitive damages. (Compl. (DE 1) at 13; Am. Brief (DE 14) at 38–40).

3

Although the complaint is not the model of clarity, plaintiff appears to allege the following. During plaintiff's criminal prosecution, defendant Waller denied him exculpatory and impeachable evidence; defendant Knott denied him fair hearings and refused to argue for favorable evidence; and defendant Allen failed to enter an injunction ordering that plaintiff be placed in a work release program. (Compl. (DE 1) at 8). Following his conviction, plaintiff filed a writ for habeas corpus in federal court on which defendants Higdon and Stein failed to act. (Compl. (DE 1) at 9; Am. Brief (DE 14) at 8).

While housed in Caldwell CI, plaintiff filed numerous grievances regarding prison officials not allowing him to be on work release. (Compl. (DE 1) at 9). Defendants Reed, Mills, and Joyner arbitrarily denied plaintiff's grievances and refused to place plaintiff on work release. (Id.). Further, in retaliation, defendant Mills transferred plaintiff to Catawba CI, which was farther from plaintiff's family. (Id. at 10). Plaintiff wrote defendant Reed informing him of the retaliation and the racial discrimination plaintiff faced in seeking a work release placement. (Id.).

While housed in Catawba CI, plaintiff informed defendants Edwards and Holland about the retaliation and discrimination, but they failed to take any action. (Am. Brief (DE 14) at 9). Plaintiff also wrote letters to defendants Hooks and Ishee informing them of the retaliation and discrimination by officials at Caldwell CI, but neither took action. (Id. at 9–10). Defendants Maynor, Edwards, and Holland removed plaintiff from his job in the prison law library in retaliation of plaintiff adding them as defendants in the instant action. (Id. at 11). Lastly, plaintiff alleges defendants City of Smithfield Government Office, County of Johnston Government Office, City of Raleigh Government Office, and County of Wake Government Office are liable for the actions of their officials. (Compl. (DE 1) at 12).

The court first addresses plaintiff's official capacity claims. Plaintiff may not proceed on his official capacity claims against the defendants for money damages. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. The Eleventh Amendment thus bars suits against "nonconsenting states . . . by private individuals in federal court." Board of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997). Eleventh Amendment immunity extends to "arm[s] of the State," Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977), including state agencies and state officers acting in their official capacities. Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995) (citing Will, 491 U.S. at 71). Prison officials are thus entitled to sovereign immunity. See, e.g., Carawan v. Solomon, No. 5:16-CT-3226-FL, 2019 WL 1244697, at *7 (E.D.N.C. Mar. 18, 2019); Delgado v. Solomon, No. 5:16-CT-3163-FL; 2019 WL 826456, at *4 (E.D.N.C. Feb. 21, 2019); Wilson v. United States, 332 F.R.D. 505, 516 (S.D.W. Va. Aug. 19, 2019).

Plaintiff's official capacity claims are "in effect, . . . against the governmental entity employing [the defendant]." Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2006). Accordingly, plaintiff's claims for monetary damages against defendants in their official capacities are barred by Eleventh Amendment immunity.[1]

The court next addresses plaintiff's claims against defendants City of Smithfield

---

[1] The exceptions to Eleventh Amendment immunity are not applicable here. See College Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999); Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976); Ex parte Young, 209 U.S. 123, 159 (1908).

5

Government Office, County of Johnston Government Office, City of Raleigh Government Office, and County of Wake Government Office. To establish municipal liability under § 1983, plaintiff must show "the constitutionally offensive acts of [the municipal employee was] taken in furtherance of some municipal 'policy or custom.'" Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). The existence of such a policy or custom can be established in one of four ways: "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission [on the part of policymaking officials], such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (quoting Carter v. Morris, 164 F.3d 215, 217 (4th Cir. 1999)). Plaintiff fails to allege any facts establishing these defendants or their policymakers were responsible for the alleged constitutional deprivations under the foregoing standard. See Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403-04 (1997); Carter, 164 F.3d at 218.

Moreover, plaintiff claims against defendants Hooks, Ishee, City of Smithfield Government Office, County of Johnston Government Office, City of Raleigh Government Office, and County of Wake Government Office are based on supervisory liability. Such a claim requires allegations demonstrating: 1) "the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury"; 2) the supervisor responded so inadequately "as to show deliberate indifference to or tacit authorization of the alleged offensive practices"; and 3) "there was an affirmative causal link"

6

between the supervisor's inaction and the plaintiff's alleged injury. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff fails to allege sufficient facts to state a claim for supervisory liability against these defendants under the foregoing standard.

The court now addresses plaintiff's claims against defendants Knott and Allen. As a private defense attorney, Knott is not subject to suit under § 1983. Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorneys are not state actors even if court-appointed to represent a criminal defendant). Also, plaintiff alleges Superior Court Judge Allen violated his constitutional rights by not properly enforcing the criminal judgment. Judges are absolutely immune for judicial acts. Forrester v. White, 484 U.S. 219, 227 (1988); see Mireles v. Waco, 502 U.S. 9, 11–12 (1991) (per curiam). A "judicial act" is one normally performed by a judge, where the parties dealt with the judge in his or her judicial capacity. King v. Myers, 973 F.2d 354, 357 (4th Cir. 1992). If plaintiff claims injury from a judicial act, the defendant judge is immune from suit unless they act with "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356 (1978); Pierson v. Ray, 386 U.S. 547, 554 (1967). A judge may "not be deprived of immunity because the action [taken] was in error, was done maliciously, or was in excess of his authority." Sparkman, 435 U.S. at 356. Plaintiff's claims against defendant Allen implicate his official duties as a judge, and accordingly, these claims are barred by judicial immunity.

Plaintiff's claims against defendant Waller, the state prosecutor, are barred by prosecutorial immunity. Prosecutors are absolutely immune from civil liability when performing activities that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). To determine whether an act is "intimately associated with the judicial phase," courts consider the "nature of the function performed," without regard to "the identity of

7

the actor who performed it," "the harm that the conduct may have caused or the question whether it was lawful." Buckley v. Fitzsimmons, 509 U.S. 259, 269–71 (1993) (internal quotations omitted). As such, advocative functions are subject to absolute immunity but investigative and administrative functions are not. Kalina v. Fletcher, 522 U.S. 118, 125-26 (1997). Plaintiff's claims that defendant Waller failed to provide him exculpatory and impeachable evidence are barred by absolute prosecutorial immunity. See id.

The court next addresses plaintiff's claims against defendants Higdon and Stein. Plaintiff alleges defendants failed to act on a writ of habeas corpus filed in the United States District Court for the Eastern District of North Carolina. Plaintiff has filed only one writ for habeas corpus in this district, Means v. Johnston Cty. Super. Ct., 5:20-HC-2039-D. Hidgon and Stein were not parties to the suit, did not represent any parties, and were not served with the action. See Means v. Johnston Cty. Super. Ct., 5:20-HC-2039-D. Accordingly, plaintiff fails to state a claim against defendants Higdon and Stein.

To the extent plaintiff intends to state a racial discrimination claim, plaintiff fails to provide any supporting facts for such a claim. Therefore, plaintiff's claims for racial discrimination are dismissed. As to plaintiff's remaining claims of retaliation, his claims that the remaining defendants retaliated against him for filing grievances survive initial review. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Plaintiffs must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right.").

8

Case 5:21-ct-03267-FL   Document 15   Filed 05/31/22   Page 8 of 9

## CONCLUSION

Based on the foregoing, plaintiff's motions to admit evidence (DE 9, 10) are DENIED and motions to amend (DE 11, 14) are GRANTED. The clerk is DIRECTED to add Timothy Maynor, Benjamin Edwards, and Janine Holland as defendants in this action. Plaintiff's racial discrimination claims are DISMISSED. Defendants Higdon, Stein, Allen, Hooks, Ishee, Waller, Knott, City of Smithfield Government Office, County of Johnston Government Office, City of Raleigh Government Office, and County of Wake Government Office are DISMISSED from this action. The official capacity claims for money damages against the remaining defendants are DISMISSED. The action is ALLOWED to proceed on the remaining claims. The clerk is DIRECTED to proceed in accordance with Standing Order 14-SO-02, which governs service of process in state prisoner civil rights cases. In the event it becomes necessary, the court DIRECTS the United States Marshals Service to proceed with service of process on defendants pursuant to 28 U.S.C. § 1915(d).

SO ORDERED, this the 31st day of May, 2022.

LOUISE W. FLANAGAN
United States District Judge